UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| CARSON O'BRIAN, | Civil No. 09-2751 (PJS/AJB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| BANK OF AMERICA HOME LOANS, INC., f/k/a Countrywide Home Loans, Inc., | |
| Defendant. | |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a). (Docket No. 2.) The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed for lack of federal subject matter jurisdiction.

**I. BACKGROUND**

Plaintiff's pro se pleading, entitled "Complaint and Statement of Grievances and Request for Investigation," (Docket No. 1), is poorly crafted, and difficult to comprehend. It appears that Plaintiff has been evicted from her former home in Plymouth, Minnesota, as the result of a mortgage foreclosure action in the state district court for Hennepin County, Minnesota. She claims that the foreclosure and resulting eviction were accomplished by means of some unexplained "fraud" perpetrated upon the state court.

Plaintiff is now asking the federal court to conduct an "investigation" of the state court proceedings that effected the foreclosure and eviction described in her submissions.

She claims that those proceedings are "invalidated by fraud."

Plaintiff clearly wants the federal court to review and overturn the state court foreclosure and eviction rulings. Such redress, however, is not available in federal court, due to lack of subject matter jurisdiction.

## II. DISCUSSION

"Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991). "[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action sua sponte." Williams v. Rogers, 449 F.2d 513, 518 (8th Cir. 1971), cert. denied, 405 U.S. 926 (1972), (citing Louisville and Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)). Fed. R. Civ. P. 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." (Emphasis added.)

In this case, subject matter jurisdiction does not exist because of the Rooker-Feldman doctrine, which was established by the Supreme Court's decisions in Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). The "Rooker-Feldman doctrine" holds that, "with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments." Lemonds v. St. Louis County, 222 F.3d 488, 492-93 (8th Cir. 2000), cert. denied, 531 U.S. 1183 (2001). Rooker-Feldman bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries Corporation, 544 U.S. 280, 284 (2005), See also In re Goetzman, 91 F.3d

1173, 1177 (8th Cir.) ("[u]nder the Rooker-Feldman doctrine, lower federal courts lack jurisdiction to engage in appellate review of state court determinations"), cert. denied, 519 U.S. 1042 (1996).

Here, Plaintiff is seeking federal judicial review of certain rulings made by the state district court for Hennepin County, Minnesota. Plaintiff obviously believes that a federal district court can properly "investigate" completed state court proceedings, and overturn the state court's rulings, if such relief appears to be warranted. Indeed, Plaintiff explicitly asserts that "[t]his court has inherent powers to investigate the integrity of judgments, orders and decrees" entered by state courts. (Complaint, p. 1.) That, however, is simply not correct. It is not within the subject matter jurisdiction of the federal district courts to conduct the type of "investigation," and provide the type of oversight, that Plaintiff is seeking here. If Plaintiff believes that any state court rulings should be reviewed and invalidated, her recourse lies in the state appellate courts – not the federal district court.

In sum, the Court finds that the relief Plaintiff is seeking in this action is barred by the Rooker-Feldman doctrine. The Court will therefore recommend that this action be dismissed for lack of subject matter jurisdiction, and, concomitantly, that Plaintiff's IFP application be denied.

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

    2.  This action be summarily **DISMISSED** for lack of jurisdiction.


Dated: October 15, 2009

                                                                  s/ Arthur J. Boylan
                                                              ARTHUR J. BOYLAN
                                                              United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before October 30, 2009.